# **EXHIBIT 1**

Filing # 65671342 E-Filed 12/20/2017 05:42:15 PM

## RETURN OF SERVICE

**Issued in Bay County, FL**　　　**Served in Okaloosa County, FL**

Case# 17000897CA

Plaintiff:
Steven Duff

vs.

Defendant:
Panama City Automotive Group, Inc.,

For:
**Marie Mattox P.A.
310 East Bradford Road
Tallahassee, Fl 32303**

Received by **Process & Recovery** on the **15th** day of **November** 2017 at **10:00** a.m., to be served

on **Panama City Automotive Group Inc., C/O John M. Lee – Registered Agent at 3905 Indian Trail Destin, FL 32541**

I, Danny A Estes do hereby affirm that on the **15th day of December 2017 at 9:10 A.m.**, I:

Served an **AUTHORIZED** entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to **Erasmo Robolledo as General Manager** at the address of **120 East 23rd Street Panama City FL 32405** who stated they are authorized to accept service for **Panama City Automotive Group Inc., C/O John M. Lee – Registered Agent** and informed said person of the contents therein, in compliance with state statutes

**Additional Information pertaining to this service:**

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing document and the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Danny Estes #004
Process & Recovery
3603 Monmouth Ct
Tallahassee, Fl 32308

Filing # 62166298 E-Filed 09/28/2017 10:16:50 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u> COUNTY, FLORIDA

Case No.: 2017 CA 002044
Judge: _____

CHARLES N SCHWARTZ, JAMES R VOLKERT, GEORGE W GILES
Plaintiff
  vs.
DEX MEDIA INC
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>1</u>

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>     FL Bar No.: <u>739685</u>
Attorney or party                                            (Bar number, if attorney)

<u>Marie A Mattox</u>      <u>09/28/2017</u>
(Type or print name)                                       Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

2017 CA 002044

CHARLES N. SCHWARTZ,
JAMES R. VOLKERT and
GEORGE W. GILES,
    Plaintiff,

CASE NO.: 17-CA-

v

## Summons

DEX MEDIA, INC.,

    Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**DEX MEDIA, INC
C/O CT CORPORATION SYSTEM – REGISTERED AGENT
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on   9/29/2017  , 2017.



CLERK OF THE CIRCUIT COURT

By: _____

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**CHARLES N. SCHWARTZ**
**JAMES R. VOLKERT and**
**GEORGE W. GILES,**

CASE NO.: 17-CA-
FLA BAR NO.: 0739685

    **Plaintiffs,**

**v.**

**DEX MEDIA, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiffs CHARLES NORBERT SCHWARTZ, JAMES R. VOLKERT and GEORGE W. GILES, hereby sue Defendant, DEX MEDIA, INC., and allege:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §12101 et seq., and 29 U.S.C. §621, et seq..

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, GEORGE W. GILES, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his age (over 40), and his actual and/or perceived disability.

4. At all times pertinent hereto, Plaintiff, CHARLES N. SCHWARTZ, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class because of his age (over 40), and because he reported discrimination adversely affecting him. He was subjected to retaliation thereafter.

5. At all times pertinent hereto, Plaintiff, JAMES R. VOLKERT, has been a resident of the State of Florida and was employed by Defendant within the jurisdictional boundaries of this Court. Plaintiff is a member of a protected class because of his age (over 40), and because he reported discrimination adversely affecting him. He was subjected to retaliation thereafter.

6. At all times pertinent hereto, Defendant, DEX MEDIA, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

7. Plaintiffs have satisfied all conditions precedent to bringing this action in that they filed charges of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS – CHARLES SCHWARTZ

8. Plaintiff, who is presently 61 years of age, began his employment with Defendant in June 1979 and held the position of Market Manager.

9. During his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age.

10. The mistreatment came at the hands of specifically but not limited to Regional Vice President Buff Walker.

2

11. Plaintiff faithfully worked for Defendant for over 37 years and has worked under several mergers and worked through several buy outs by Defendant.

12. Beginning in 2015 under new executive leadership, Defendant engaged in a pattern of transferring older employees to less producing markets, demoting them in job titles with significant reduction in salaries and replacing them with younger employees. Plaintiff was replaced in Tampa by a younger team manager and was transferred to a less desirable and difficult market in Orlando and then back to Tampa with a limited territory. By 2016, Plaintiff's salary went from approximately $144,000 to $104,000 to $80,000.

13. Younger employees were treated more favorably than the older employees specifically but not limited to the other Plaintiffs herein, Kathi Castricone (in her 50's) and Mike Hummell (in his 50's).

14. Younger employees, specifically but not limited to, Jeff Wadulack, Adrian Dymant, Art Prigun and Kelli Lusk were District Managers that were supervised by Plaintiff in his Tampa market and they have been treated more favorably by promotions to Area Sales Manager and Sales Director with increase in salary. Meanwhile, Plaintiff was repeatedly demoted with salary reductions.

15. Plaintiff filed a charge of discrimination with the EEOC on November 17, 2016. In continuing disparate treatment due to his age and in retaliation for filing the charge, Plaintiff was constructively terminated on January 7, 2017.

16. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## STATEMENT OF THE ULTIMATE FACTS – JAMES R. VOLKERT

17. Plaintiff, who is presently 61 years of age, began his employment with Defendant in January 2000 and held the position of Market Manager.

18. During his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age.

19. The mistreatment came at the hands of specifically but not limited to Regional Vice President Buff Walker.

20. Plaintiff faithfully worked for Defendant for over 16 years. He worked through several mergers and buy outs by Defendant.

21. In January 2014, Plaintiff was promoted to Area Sales Manager and in January 2015 promoted to Sales Director with a raise to a salary of $110,000.

22. Beginning in 2015 under new executive leadership, Defendant engaged in a pattern of transferring older employees to less producing markets, demoting them in job titles with significant reduction in salaries and replacing them with younger employees.

23. In August 2016 Plaintiff was demoted from Sales Director to Market Manager with a substantial reduction in salary to approximately $75,000.

24. Younger employees are being treated more favorably than the older employees and there is a pattern and practice of age discrimination against older employees who are being demoted with salary reductions and replaced with younger employees as discussed in greater detail above.

25. Plaintiff filed a charge of discrimination with the EEOC on November 17, 2016, In continued disparate treatment due to his age and in retaliation for filing the charge, Plaintiff was constructively terminated on January 20, 2017.

26. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws set forth herein.

## STATEMENT OF THE ULTIMATE FACTS – GEORGE W. GILES

27. Plaintiff, who is presently 58 years of age, began his employment with the Defendant in February 2012. He held the position of Market Consultant at the time of his wrongful termination on October 7, 2016.

28. During the course of his employment, Plaintiff was subjected to disparate treatment, different terms and conditions of employment and was held to a different standard because of his age and actual or perceived disability.

29. The mistreatment came at the hands of specifically but not limited to Regional Vice President Buff Walker.

30. In 2015, under new executive leadership, Defendant engaged in a systematic pattern of terminating older employees and replacing them with younger employees. Plaintiff was the oldest market consultant in his department.

31. In June 2016, Plaintiff underwent neck surgery. He was on medical leave for one week and the second week he could not drive to Tallahassee so he worked from his home office and promptly resumed his job duties. The third week he returned to Tallahassee though he was not cleared by his doctor because he had a large assignment and did not want to put a strain on

his coworkers. Short Term Disability was available to Plaintiff but he did not want to leave his assignments and take the Short Term Disability. He thereafter worked in pain.

32. In July, 2016, Plaintiff did not reach his sales numbers. At the first part of August, he was informed that he would be placed on a final Performance Improvement Plan ("PIP") though he had not been informed that he was already on a PIP.

33. Plaintiff was informed that he did not reach his numbers the following month though the data was intentionally skewed against him. On October 7, 2016, Plaintiff was wrongfully terminated and replaced by a 26-year-old female.

34. Defendant has engaged in a pattern and practice of replacing older employees with younger employees.

35. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws set forth herein.

## COUNT I
## DISABILITY DISCRIMINATION
### (Brought by Plaintiff Giles)

36. Paragraphs 1- 3, 7, 27-35 are re-alleged and incorporated herein by reference.

37. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes and 42 U.S.C. §12101 et seq.

38. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

6

39.     Defendant is liable for the differential treatment and its refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

40.     Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

41.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

42.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

43.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability, association with a disabled person, or perceived disability, under the laws cited herein.

44.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## AGE DISCRIMINATION
### (Brought by all Plaintiffs)

45. Paragraphs 1-35 are re-alleged and incorporated herein by reference.

46. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

47. Plaintiffs have been the victim of discrimination on the basis of their age in that they were treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of their age.

48. Defendant is liable for the differential treatment and hostility towards Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.

49. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiffs as more fully set forth above because it allowed the differential treatment and participated in the same.

50. Defendant's known allowance and ratification of these actions and inactions s created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

51. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age based nature and in violation of the laws set forth herein.

52. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs' continued employment with Defendant.

53. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

54. As a direct and proximate result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiffs are entitled to injunctive relief and punitive damages under Chapter 760, Florida Statutes and to injunctive relief and liquidated damages under the ADEA.

## COUNT III
## RETALIATION
**(Brought by Plaintiffs Schwartz and Giles)**

55. Paragraphs 1-35 are realleged and incorporated herein by reference.

56. Defendant is an employer as that term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiffs reported or opposed unlawful employment practices adversely affecting Plaintiffs under the statutory provisions cited herein.

58. The foregoing unlawful actions by Defendant were purposeful.

59. Plaintiff voiced opposition to unlawful employment practices during Plaintiffs' employment with Defendant and were the victims of retaliation thereafter, as related in part above.

60.     Plaintiffs are a member of a protected class because Plaintiffs reported unlawful employment practices and were the victims of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

61.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiffs have suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiffs are entitled to punitive damages and to injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c)     enter judgment against Defendant and for Plaintiffs awarding all legally-available general and compensatory damages and economic loss to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiffs awarding Plaintiff attorney's fees and costs;

(f) award Plaintiffs interest and punitive/liquidated damages where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury on all issues herein that are so triable.

DATED this 28th day of September 2017.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFFS