UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES N SCHWARTZ, JAMES R
VOLKERT and GEORGE W GILES,

    Petitioners,

v.                                                 Case No:  2:18-cv-105-FtM-38CM

DEX MEDIA, INC.,

    Respondent.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Dex Media, Inc.'s Motion to Sever (Doc. 17), Plaintiffs Charles Schwartz, James Volkert, and George Giles' Memorandum in Opposition (Doc. 26), and Dex's Reply (Doc. 35). This matter is ripe for review.

## BACKGROUND

This discrimination and retaliation action began in Florida state court. (Doc. 1-2). Dex removed the action to the Northern District of Florida based on original subject matter jurisdiction. (Doc. 1). That court then transferred the suit here. (Doc. 12). Plaintiffs' suit contains three claims. (Doc. 1-2). First, Giles sues for disability discrimination under the Florida Civil Rights Act and the Americans with Disabilities Act. (Doc. 1-2 at 6-7).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Second, Giles, Schwartz, and Volkert sue for age discrimination under the Florida Civil Rights Act and seek injunctive relief under the Age Discrimination in Employment Act. (Doc. 1-2 at 8-9).  Third, Giles and Schwartz sue for retaliation.  (Doc. 1-2 at 9-10).  Dex now seeks to sever Giles' claims from Volkert's and Schwartz's claims.  Plaintiffs oppose. For the following reasons, the Court grants Dex's Motion.

## DISCUSSION

Before addressing the merits, the Court must resolve the parties' disagreement on whether Florida or federal procedural rules apply.  (Docs. 26; 35).  Generally, the Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1).  Yet Plaintiffs argue that Florida joinder rules apply.  (Doc. 26 at 2-8). To support their argument, Plaintiffs rely on an Eastern District of Kentucky case that discusses, without deciding, applying state or federal joinder rules after removal in the fraudulent misjoinder[2] context.  See *Asher v. Minnesota Mining and Mfg. Co.*, CIV.A. 04CV522KKC, 2005 WL 1593941, at *6 (E.D. Ky. June 30, 2005).  In *Asher*, the court noted the "majority of courts that have adopted the fraudulent misjoinder doctrine have determined that the issue of whether claims have been misjoined should be evaluated under state procedural law rather than federal law." *Asher,* 2005 WL 1593941, at *6.  The court highlighted the potential tension between state and federal court joinder rules in a diversity action.  See *Id.* at *6.  This possible tension is best explained through an example: if a diversity defeating party's claims were properly joined under state rules but

---

[2] "The doctrine of fraudulent misjoinder applies 'where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.'" *Bollea v. Clem*, 937 F. Supp. 2d 1344, 1350 (M.D. Fla. 2013) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

2

fraudulently misjoined under federal rules, a conflict may arise if a federal court severs those claims after removal to create jurisdiction where jurisdiction did not exist before severance. According to the courts quoted in *Asher*, this outcome may frustrate the general rule that the Federal Rules of Civil Procedure may not extend or limit jurisdiction. *See Id.* at *6; *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

Yet that logic is inapplicable here. Unlike *Asher*, the relevant issue here is whether the federal or Florida rules of civil procedure apply to a motion to sever where original subject matter jurisdiction exists. (Doc. 1). Continued joinder or severance of Giles' claims will not end this Court's jurisdiction, and the potential conflict highlighted in *Asher* does not exist. Even if this Court faced a similar dilemma as the *Asher* court, the Eleventh Circuit applied federal procedural rules in its fraudulent misjoinder opinion.[3] *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Therefore, the Court will apply federal rules.

The Court now turns to Dex's Motion to Sever. A district court "may sever any claim against any party." Fed. R. Civ. P. 21. The district court "has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Potts v. B & R, LLC*, 8:13-CV-2896-T-27TGW, 2014 WL 1612364, at *3 (M.D. Fla. Apr. 21, 2014).

And under Rule 20, parties may join if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[3] Admittedly, *Tapscott* never addressed the issue of federal or state rules head on. *See Tapscott*, 77 F.3d at 1360 (11th Cir. 1996).

3

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). A party must meet both joinder prongs. *Fleming v. Home Depot U.S.A., Inc.*, 96-6560-CIV, 1998 WL 1674544, at *1 (S.D. Fla. July 8, 1998). Under the first prong, "[t]o arise from the same transaction, occurrence, or series of transactions or occurrences, claims must be 'logically related.'" *Edwards-Bennett v. H. Lee Moffitt Cancer and Research Inst., Inc.*, 8:13-CV-00853-T-27, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013) (citation omitted). Courts must take a broad realistic approach to the logical relationship test, but claims must still share operative facts. *See Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016).

Starting with the first prong, the Court must determine if Giles' claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" as Volkert's or Schwartz's claims. While Giles' claims share some of the same legal theories of age discrimination and retaliation as the other Plaintiffs, his claims arise out of a unique set of facts. (Doc. 1-2). He alone underwent neck surgery, failed to meet his specific job performance goals, was placed on a performance improvement plan, and was "wrongfully terminated" after failing to meet his sales numbers. (Doc. 1-2 at 7-11). Volkert and Schwartz have no similar allegations. Further, unlike Giles, Volkert and Schwartz held management positions, were demoted, and were "constructively terminated" months after Giles. (Doc. 1-2 at 7-11). The factual scenarios are too different, and the similarities too slim. The similarities are limited to Dex's employment of the Plaintiffs, Dex's Vice President mistreatment of the Plaintiffs, and Plaintiffs' alleged age discrimination. (Doc. 1-2 at 7-11). At bottom, Volkert and Schwartz's claims do not share operative facts with Giles' claims. So the first prong for permissive joinder under Rule 20 is not met. Because

Giles' claims do not meet the first prong of the analysis, the Court need not address the second.

Even if Giles' claims were properly joined under Rule 20, the Court would still sever the claims. See Rhodes, 313 F.R.D. at 659 (noting that a court still has discretion to sever claims if the permissive joinder requirements are met). As stated, a court can consider "factors such as judicial economy, case management, prejudice to parties, and fundamental fairness" under Rule 21. Potts, 2014 WL 1612364, at *3. Here, the differing facts underlying Plaintiffs' claims may cause unnecessary prejudice and unfairness to Dex at trial. A jury considering the claims would need to consider a multitude of issues associated with only Giles. Indeed, Giles' neck surgery, placement on a performance plan, and later termination for failure to meet his sales numbers do not affect the other Plaintiffs and may cause jury confusion.

If that were not enough, Dex submitted an affidavit from Dex's Vice President that showed Volkert was Giles' direct supervisor and began Giles' termination. (Doc. 17-1). Dex argues that Volkert's testimony on Giles' discharge may be tainted by Volkert's stake in supporting his claim against Dex. (Doc. 17 at 10-11). While this potential bias in testimony is alone insufficient, it coupled with the likelihood of jury confusion and needless prejudice necessitates severing Giles' claims. And Plaintiffs have identified no potential prejudice that would result if the claims were severed. Thus, the Court will sever Giles' claims from Volkert's and Schwartz's claims.

Accordingly, it is now

**ORDERED:**

(1) Defendant Dex Media, Inc.'s Motion to Sever (Doc. 17) is **GRANTED**. Plaintiff George Giles' claims are **SEVERED** from the present action.

(2) The Clerk of Court is **DIRECTED** to assign a new case number for Plaintiff George Giles' separate action. The new separate action shall be assigned to the Undersigned and United States Magistrate Judge Carol Mirando.

(3) The Clerk of Court is **DIRECTED** to open the new case with the Complaint (Doc. 1-2) from this case, and to docket this Opinion and Order with the new case file.

(4) Plaintiff Giles is **DIRECTED** to file an amended complaint to appropriately plead his case as a single plaintiff on or before **May 21, 2018** using the new case number.

(5) Plaintiffs Charles Schwartz and James Volkert are **DIRECTED** to file an amended complaint to appropriately plead their case on or before **May 21, 2018.**

(6) Defendant Dex Media shall file an answer to the amended complaints on or before **June 4, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of May 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: United States Magistrate Judge Carol Mirando
All Parties of Record

6